IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MACK, | ) |
| Plaintiff, | ) Civil Action No. 3:14-cv-245 |
| v. | ) |
| | ) United States Magistrate Judge |
| DR. SALAMEH, | ) Cynthia Reed Eddy |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Dr. Jawad Salameh's motion to dismiss the complaint filed by *pro se* Plaintiff Anthony Mack for failure to exhaust administrative remedies, which the Court converted into a motion for summary judgment.[1] For the reasons that follow, Dr. Salameh's motion will be granted.[2]

**I.  Background**

Mack is an inmate currently confined at SCI-Laurel Highlands. On November 4, 2012, when Mack was previously confined at SCI-Somerset, he slipped on the bathroom floor, which was wet due to improper ventilation, and sustained injuries.[3] Mack alleges the following facts regarding his injuries and treatment in connection with this fall:

> I was provided medical care at Somerset Hospital. Where a cast was placed which did not actually support the area of the break. Once the cast was removed it was observed that my leg was bowed causing me to be concerned about having such factor [*sic*] corrected. A follow up schedule was set. Yet, I was not returned to such medical facility. I was transferred from S.C.I. Somerset to S.C.I. Laurel

---

[1]  ECF Nos. 8, 39, 46.

[2]  In accordance with 28 U.S.C. § 636(c)(1), all parties have voluntarily consented to have the undersigned conduct any and all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit. ECF Nos. 49, 51.

[3]  ECF No. 8 at 2.

1

Highland for Physical Therapy. Only to never receive Physical Therapy. Dr. Salameh refused any further orthopaedic [*sic*] exams or actions to correct. Will amend.[4]

Mack's complaint states that he did not utilize the grievance procedures that were in place at either SCI-Somerset or SCI-Laurel Highlands because he was denied an opportunity to review the medical records and because grievance process is retaliatory.[5] The relief that Mack seeks in his complaint is to have his "curved leg straightened by a qualified Orthopaedic [*sic*] Surgeon so that [he] can walk again."[6]

Mack initiated this action against Dr. Salameh on or around November 12, 2014.[7] On January 22, 2015, Mack was granted leave to proceed *in forma pauperis* and his complaint was filed.[8] On July 20, 2015, Dr. Salameh filed a motion to dismiss, or, in the alternative, motion for summary judgment with a supporting brief and a concise statement of material facts.[9] The Court denied this motion on July 28, 2015 without prejudice to be refiled after certain deficiencies were corrected.[10] On August 25, 2015, Dr. Salameh filed the pending motion as a motion to dismiss and a brief in support thereof, claiming that the complaint should be dismissed for failure to

---

[4] Id. at 2-3.

[5] Id. at 3.

[6] Id.

[7] ECF No. 1.

[8] ECF Nos. 7, 8. Although the complaint does not mention 42 U.S.C. § 1983 or the Eighth Amendment, a liberal reading of the complaint's allegations requires the Court to construe it as asserting a Section 1983 claim for an Eighth Amendment violation against Dr. Salameh for failure to provide adequate medical care. See Johnson v. City of Shelby, Miss., — U.S. —, —, 135 S. Ct. 346, 346 (2014) (a civil rights complaint is not subject to dismissal merely because it imperfectly states the legal theory supporting the claim asserted). Accordingly, in light of this construction, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3).

[9] ECF Nos. 28, 29, 30.

[10] ECF No. 31.

exhaust administrative remedies.[11] On September 4, 2015, the Court entered an Order notifying the parties that the pending motion was converted into a motion for summary judgment under Rule 56 of the Federal Rules of Civil procedure with respect to the issue of Mack's exhaustion of administrative remedies.[12] On October 13, 2015, Mack filed a response to Dr. Salameh's pending motion, opposing the entry of summary judgment.[13] The motion has been fully briefed, the record has been fully developed on this issue, and the matter is now ripe for disposition.

**II.     Standard of Review – FRCP 56**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law.[15] At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[16] In this regard, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party.[17]

To prevail on summary judgment, the moving party must affirmatively identify those

---

[11]   ECF Nos. 39, 40 *errata* 42.

[12]   ECF No. 46.

[13]   ECF No. 53.

[14]   Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

[15]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[16]   Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations).

[17]   Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

portions of the record which demonstrate the absence of a genuine issue of material fact.[18] The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."[19] If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor.[20] If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial."[21]

Moreover, because Plaintiff is proceeding *pro se*, the Court is required to liberally construe his pleadings.[22] Thus, if the Court can reasonably read Plaintiff's pleadings together with his summary judgment submissions to show an entitlement to relief, the Court should do so despite any failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements.[23] Nonetheless, at the summary judgment stage of the proceedings, the Court is not required to credit any "bald

---

[18] Celotex, 477 U.S. at 323–24.

[19] In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325.

[20] Boyle v. Cty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

[21] Celotex Corp., 477 U.S. at 322–23; Jakimas v. Hoffman–La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

[22] Haines v. Kerner, 404 U.S. 519, 520–521 (1972).

[23] Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

assertions" or "legal conclusions" that are unaccompanied by evidentiary support.[24]

**III.    Discussion**

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing an action with respect to prison conditions under Section 1983 or any other federal law until such remedies as are available are exhausted.[25] This exhaustion requirement applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.[26] The PLRA mandates "proper exhaustion," meaning that the prisoner must complete the administrative review process in accordance with the applicable procedural rules of that particular administrative system.[27] It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.[28] Proper exhaustion must be completed prior to the filing of an action,[29] even if compliance with the administrative system would be futile.[30] Consequently, inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating those claims in federal court.[31]

---

[24] Morse v. Lower Marion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

[25] 42 U.S.C. § 1997e(a).

[26] Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).

[27] Woodford v. Ngo, 548 U.S. 81, 87–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

[28] Jones v. Bock, 549 U.S. 199, 218 (2007); see also Small v. Camden Cty., 728 F.3d 265, 272 (3d Cir. 2013) ("To 'complete the administrative review process' … means 'substantial' compliance with the prison's grievance procedures) (citing Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004)).

[29] McCarthy v. Madigan, 503 U.S. 140, 144 (1992).

[30] Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (rejecting a futility exception and holding "that the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory – whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action").

[31] See, e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), aff'd 532 U.S. 731 (2001).

"DC-ADM 804, which governs the grievance and appeals process in Pennsylvania corrections institutions, provides a three-step process, with final review of grievances performed by the Secretary's Office [of Inmate Grievances and Appeals ("SOIGA")]."[32] The United States Court of Appeals for the Third Circuit "has frequently observed that a plaintiff must follow *each* of these steps to exhaust administrative remedies under the PLRA."[33] Because failure to exhaust remedies is an affirmative defense,[34] the entry of summary judgment in favor of Dr. Salameh is only appropriate if he produces "credible evidence … that would entitle [him] to a directed verdict if not controverted at trial."[35]

To prove that Mack did not exhaust his administrative remedies in this case, Dr. Salameh sent a subpoena to the SOIGA – the office responsible for the final stage of appeal in the DOC grievance process – requesting that the office produce a full and complete copy of any and all grievance records relating to Mack.[36] In response, Helen Shambaugh, a Grievance Review Officer employed by the DOC in the SOIGA, sent a letter to Dr. Salameh's counsel stating that she has reviewed the records pertaining to Mack and has found that Mack has not filed any grievances to final review during his incarceration.[37] Dr. Salameh similarly produced an affidavit from Shambaugh stating that her office received a subpoena from Dr. Salameh commanding the production of any and all grievance records in the possession or control of the

---

[32] Spearman v. Morris, — Fed. App'x —, —, 2016 WL 790899, *2 (3d Cir. March 1, 2016).

[33] Id. (emphasis in original) (citing Booth v. Churner, 206 F.3d 289, 299 (3d Cir. 2000); Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir. 1998)).

[34] Small, 728 F.3d at 268-269.

[35] Celotex, 477 U.S. at 331.

[36] ECF No. 40-1 at 1, 3.

[37] Id. at 3. The Court notes that this letter is addressed to Dr. Salameh's prior counsel, who subsequently withdrew from representing Dr. Salemeh and has since been replaced by new counsel.

SOIGA; that Shambaugh personally engaged in a search for any records responsive to the subpoena; that Shambaugh found that Mack was a prisoner of the DOC; and that Mack had not appealed any grievances to the third and final stage of appeal.[38] Mack does not dispute that he did not utilize the DOC's grievance procedures during his stays at SCI-Somerset and SCI-Laurel Highlands regarding this claim against Dr. Salameh. He rather asserts two excuses in an attempt to justify his noncompliance: (1) he was denied a chance to review his medical records to verify all facts, and (2) the DOC's grievance procedures are retaliatory. The Court will address each excuse *seriatim*.

First, even when an inmate is denied access to his medical records, he is nevertheless required to satisfy the PLRA's exhaustion requirement.[39] Therefore, the fact that Mack was denied access to his medical records does not serve as a valid basis for failing to properly exhaust his administrative remedies with respect to his claim against Dr. Salameh. Second, there is nothing in the record to substantiate Mack's assertion that this particular grievance process is retaliatory. As the United States Court of Appeals for the Third Circuit has observed, bare and generalized allegations of retaliation that are devoid of any evidentiary support do not create a genuine issue of material fact when exhaustion of administrative remedies is at issue.[40] Here, Mack has offered no proof that this grievance procedure is retaliatory or that he has suffered any retaliation as a result of these procedures. Consequently, given that there is no applicable exception to the PLRA's exhaustion requirement herein, and because it is undisputed that Mack

---

[38] Id. at 2-3.

[39] Basemore v. Vihlida, 2014 WL 640257, *5, *10 (W.D.Pa. 2014), aff'd 605 Fed. App'x 105 (3d Cir. 2015) (a prisoner's claim relating to denial of access to medical records is subject to the PLRA's exhaustion requirement).

[40] Spearman, 2016 WL 790899, at *3; Williams v. Gavin, — Fed. App'x —, —, 2016 WL 703809, *2 (3d Cir. Feb. 23, 2016).

7

failed to properly exhaust his administrative remedies prior to initiating this action, summary judgment will be entered in favor of Dr. Salameh.

## IV.     Conclusion

In accordance with the foregoing, Dr. Salameh is entitled to the entry of summary judgment on Mack's Section 1983 claim because Mack failed to exhaust his administrative remedies under the PLRA.   An appropriate Order and Judgment Order follows.


Dated: <u>March 8, 2016</u>.

                                                   By the Court:

                                                   <u>s/ Cynthia Reed Eddy</u>
                                                   Cynthia Reed Eddy
                                                   United States Magistrate Judge

cc:     **ANTHONY MACK**
        KL-0155
        SCI Laurel Highlands
        P.O. Box 631
        5706 Glades Pike
        Somerset, PA 15501

        All registered counsel via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ANTHONY MACK, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 3:14-cv-245 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| DR. SALAMEH, | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 8th day of March, 2016, upon consideration of Defendant Dr. Salameh's Motion to Dismiss for failure to exhaust administrative remedies and brief in support thereof (ECF Nos. 39, 40 *errata* 42), converted into a motion for summary judgment only as to the issue of exhaustion (ECF No. 46), and upon consideration of Plaintiff Anthony Mack's response opposing summary judgment (ECF No. 53), and in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that Dr. Salameh's motion is **GRANTED**; that summary judgment be entered in favor of Dr. Salameh; and that Plaintiff's complaint (ECF No. 8) be dismissed with prejudice.

It is further **ORDERED** that the Clerk mark this **CASE CLOSED.**

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **ANTHONY MACK**
KL-0155
SCI Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501

All registered counsel via CM-ECF